IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DON BANKS, PAM DAVIS
and PAT McCARTY,

                    Plaintiffs,

    vs.                                                  CIVIL NO.  04-1176 RB/LFG

LOS LUNAS PUBLIC
SCHOOL DISTRICT et al.,

                    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

        THIS MATTER is before the Court on Plaintiffs' Motion [Doc. 34] for Reconsideration of the March 24, 2005 Discovery Order [Doc. 28].  Defendants filed a response.  [Doc. 36.]  The Court will resolve this motion, without the need for a reply.  For the reasons state herein, the motion for reconsideration is DENIED.

        The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration," United States v. Emmons, 107 F.3d 762, 764 (10th Cir. 1997).  However, when a court misapprehends the facts or misapplies the law, relief may be available under Fed. R. Civ. P. 59 or 60.

        In this case, Plaintiffs filed their motion within ten days of the Court's entry of its Order Granting Stay of Discovery.  If a motion of this nature is filed with the 10-day period in accordance with Rule 59 requirements, the request for reconsideration is evaluated under Rule 59(e).  Motions brought under Rule 59 or, indeed, Rule 60, are not intended to be vehicles for re-litigating previously determined issues.  Sequa Corporation v. GBJ Corporation, 156 F.3d 136, 144 (2d Cir. 1998); *see also* Sault St. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

However, case law acknowledges that four grounds justify altering or amending a judgment under Rule 59. That is, to incorporate an intervening change in the laws, Pacific Ins. Co. v. American National Fire Ins. Co., 148 F.3d 396 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999); to reflect new evidence not available at the time of the ruling, id., *see also* Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998); to correct a clear error in the law; and, to prevent manifest injustice. Pacific Insurance Co., 148 F.3d 396; Cosgrove, 150 F.3d at 732; *see also* Ford Motor Credit Co. v. Bright, 34 F.3d 322, 324 (5th. Cir.) *reh'g denied*, 41 F.3d 666 (5th Cir. 1994).

In this case, there has been no intervening change in the law as this Circuit has long held that discovery should be stayed pending the Court's consideration and disposition of a motion for qualified immunity. *See* Lewis v. City of Ft. Collins, 903 F.2d 752 (10th Cir. 1990); Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). Plaintiffs do not contend that there is new evidence that was not previously available when the Court issued its ruling.

Instead, Plaintiffs argue that the Court's ruling is error. The Court disagrees. In 1985, the United States Supreme Court stated that qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Qualified immunity is more than an affirmative defense. It is "an *immunity from suit* rather than mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id.

In 2001, the Supreme Court reminded the trial courts of their obligation to resolve qualified immunity issues at the earliest possible stage of litigation. Saucier v. Katz, 533 U.S. 194, 201 (2001). The Supreme Court cautioned that compelling the party otherwise entitled to qualified immunity to proceed to litigation would force that party to lose the very benefit of the qualified immunity defense. Moreover, in Mitchell v. Forsyth, the Supreme Court cautioned that "even such pretrial matters as

discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government.  <u>Mitchell</u>, 472 U.S. at 526.

Our own Tenth Circuit has spoken loudly and clearly on this issue.  <u>Jiron</u>, 392 F.3d at 414. The Court's discretion when a qualified immunity motion is filed is exceedingly limited.  While the Court may narrowly tailor discovery to the immunity question, it is generally beyond the Court's discretion to allow all discovery to go forward.  <u>Maxey by Maxey v. Fulton</u>, 890 F.2d 279, 283 (10th Cir. 1989); <u>Van Deelen v. City of Eudora, KS</u>, 1997 WL 445821 (D. Kan. May 8, 1997) at *2 (citing <u>Siegert v. Gilley</u>, 500 U.S. 226, 231 (1991)).

Plaintiffs argue that the Court has stayed all discovery, not just discovery relating to the individual who filed a motion to dismiss based on qualified immunity.  This is true.  However, permitting any discovery to go forward compels the individual who raised the qualified immunity defense to participate in ongoing discovery.  Simply from a practical standpoint, that defendant would have to attend and defend scheduled depositions, review discovery requests, answers and objections, and for the most part, to participate in the discovery process related to co-defendants.  There would be no savings of costs, no "immunity from suit" and generally, that defendant would lose the very benefit of the qualified immunity defense.  Thus, the Court deems it appropriate to stay all discovery until such time as the Court resolves the motion to dismiss based on qualified immunity.

Under these circumstances, the Court determines that it neither misapprehended the law nor misunderstood the facts.  Thus, there is no basis to grant the motion for reconsideration, and accordingly, Plaintiffs' motion for reconsideration is denied.

      IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration [Doc. 34] of the

March 24, 2005 Discovery Order is DENIED.


                              _____

                              Lorenzo F. Garcia
                              Chief United States Magistrate Judge