IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DON BANKS. PAM DAVIS,
PAT MCCARTY,

      Plaintiff(s),

vs.                                  CIVIL NO.04-1176 WDS/LFG

LOS LUNAS PUBLIC SCHOOL
DISTRICT/LOS LUNAS SCHOOL BOARD,
ARMANDO REYES in his individual capacity,
JIM SNELL, in his individual capacity,
RANDY EARWOOD, in his individual capacity,

      Defendant(s).

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Randy Earwood's Motion to Dismiss on the Basis of Qualified Immunity (Docket No. 25). In the complaint Plaintiffs Banks and Davis allege constitutional claims of racial discrimination in not being selected for certain administrative positions in the defendant school district. Plaintiff McCarty alleges racial harassment by a principal, Defendant Snell, and the failure of the administration to deal with it appropriately. In both instances Plaintiffs allege the participation of Defendant Earwood. In essence Defendant Earwood argues that he was not the decision maker in the employment decisions concerning Banks and Davis and that he was not responsible for investigating and taking action in harassment complaints, rather, the school superintendent, Defendant Reyes, was responsible.

It is well settled that to overcome a defense of qualified immunity Plaintiff must show that

the defendant's conduct violated a constitutional or statutory right and that the law governing the conduct was clearly established at the time of the alleged violation. *Baptiste v. J. C. Penney Co.,* 147 F.3d 1252 (10th Cir. 1998). The allegations of racial discrimination and racial harassment by Plaintiffs in this case, if true, constitute violations of the constitution and law. It cannot be doubted that the law prohibiting racial discrimination in employment and prohibiting racial harassment in the workplace were clearly established at the time of the alleged violations in this case.

Defendant Earwood does not really dispute the above analysis. He argues that he did not do it, that he was not responsible for the decisions or actions which were taken, and that others were the decision makers and would, therefore, be responsible. This argument is traditional summary judgment argument on the merits of Plaintiffs' claims. The degree of Defendant Earwood's participation in the alleged constitutional violations is a question of fact. The argument made by Defendant Earwood does not establish his entitlement to qualified immunity.

Accordingly, the Court finds that the motion on qualified immunity is not well taken. The Court also finds that issues of material fact exist on the extent of Defendant Earwood's participation in the alleged constitutional and statutory violations.

IT IS THEREFORE ORDERED that Defendant Randy Earwood's Motion to Dismiss on the Basis of Qualified Immunity (Docket No. 25) is denied. The stay of discovery order is lifted.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**

Case 1:04-cv-01176-WDS-LFG   Document 70   Filed 08/04/05   Page 4 of 4