IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DON BANKS, PAM DAVIS
and PAT McCARTY,

        Plaintiffs,
vs.                                                                          CIVIL NO.  04-1176 WDS/LFG

LOS LUNAS PUBLIC
SCHOOL DISTRICT et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## STAYING DISCOVERY

THIS MATTER is before the Court on Defendant Armando Reyes' Motion to Stay Discovery [Doc. 78].  The Court conducted a telephonic hearing on the motion on September 15, 2005.

The motion recites that Plaintiffs do not oppose the motion so long as the stay is limited to discovery from Armando Reyes, and would not affect discovery of other Defendants, including those Defendants not otherwise entitled to a qualified immunity defense.

The qualified immunity defense protects governmental officials performing discretionary functions from liability as well as the burdens of trial and discovery.  Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation") (*citing* Siegert v. Gilley, 500 U.S. 226, 111 S. Ct. 1789 (1991)).  Indeed when a motion to dismiss based on qualified immunity is filed, a court has limited discretion on the issue of a stay of discovery, Workman, *supra*, at 336, and should stay discovery until the court considers and determines the motion to dismiss.

Four years ago, the United States Supreme Court reminded trial courts of their responsibility to promptly resolve qualified immunity matters at the earliest opportunity lest the defendants lose the very benefit of the qualified immunity defense by having to participate in discovery. Saucier v. Katz, 533 U.S. 194, 200-202, 121 S. Ct. 2151, 2155-56 (2001). So, too, the law in this circuit is clear. When a defendant files a motion for qualified immunity, the defendant is entitled to a stay of discovery. Jiron, 392 F.3d at 414.

> Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806 (1985). The privilege "is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. Accordingly, qualified immunity questions should be resolved at the earliest possible stage in litigation. Saucier v. Katz, 533 U.S. 194, 201 121 S. Ct. 2151(2001). "[E]ven such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." Mitchell, 472 U.S. at 526, 105 S. Ct. 2806 [italics in original].

Id. In other words, discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred. Workman, 958 F.3d at 336.

In this case, Plaintiff concedes that Defendant Reyes is entitled to a stay of discovery, but objects to staying discovery for other Defendants. In support of their motion, Plaintiffs rely on two out-of-district cases: Rome v. Romero, 225 F.R.D. 640 (D. Colo. 2004), and Estate of Sorrells v. City of Dallas, 192 F.R.D. 203 (N.D. Tex. 2000). Both cases stand for the proposition that there is no absolute right to stay all discovery. However, neither of these cases addresses the very practical problems that arise when all discovery is not stayed.

In multiple-defendant cases, should the court stay discovery only for those qualified immunity defendants and if discovery were to proceed with the non-qualified immunity defendants, as a

2

practical matter, the qualified immunity defendants have to participate in ongoing discovery. They may not stick their head in the sand while litigation that affects them unfolds. Rather, they have to keep abreast of the discovery, review interrogatories and responses, send representatives to depositions, and incur the burdens of the trial process while awaiting a resolution on the pending motion. In doing so, as in Saucier v. Katz, they run the risk of losing the very benefit of the qualified immunity defense.

Moreover, if discovery were to proceed as to the non-qualified immunity defendants, and the motion to dismiss based on qualified immunity is ultimately denied, the qualified immunity defendants then would have to re-depose witnesses whose depositions were already taken. This would increase everyone's litigation costs.

While the Court recognizes that the non-qualified immunity Defendants have no absolute right to a stay of discovery as do the qualified immunity defendants, the Court has obligations under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, to reduce the costs of litigation. By allowing any discovery to proceed, the Court would violate its obligation under the CJRA. Thus, the only practical solution is to stay all discovery pending the Court's consideration and disposition of the underlying motion to dismiss.

Subsequent to the Court's conference call hearing, Plaintiff's counsel filed a Fed. R. Civ. P. 56(f) Affidavit. The Affidavit, however, appears to be more a response to the motion to stay.

When a party believes that discovery on the issue of qualified immunity is necessary so as to allow the party to respond to a motion to dismiss, it is proper to file a 56(f) affidavit. However, it is insufficient for a party to simply argue that the qualified immunity motion is premature, that discovery is incomplete or that additional discovery must be taken. Rather, the party must specifically show what discovery is necessary, what the proposed discovery is likely to disclose and how the

3

discovered evidence will assist plaintiff in overcoming defendant's *prima facie* showing.  See <u>Ben Ezra, Weinstein & Co. v. Am. Online Inc.</u>, 206 F.3d 980, 987 (10th Cir.) (holding that, under Rule 56(f), nonmoving party seeking additional discovery must demonstrate precisely how additional discovery will lead to a genuine issue of material fact), *cert. denied*, 531 U.S. 824 (2000); <u>DiCesare v. Stuart</u>, 12 F.3d 973, 979 (10th Cir.1993).

In this case, the Court reviewed the 56(f) Affidavit and finds that Plaintiffs have failed to demonstrate exactly what discovery needs to be taken, and, more importantly, how the proposed information elicited during discovery would assist the Plaintiffs in overcoming Defendants' motion on qualified immunity.  The request for additional discovery is therefore denied.

The Court determines that Defendant Reyes' motion to stay should be granted and that all discovery should be stayed pending the Court's consideration and disposition of Reyes' motion to dismiss based on qualified immunity.

IT IS SO ORDERED.

*[signature]*
Lorenzo F. Garcia
Chief United States Magistrate Judge

4